WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Bussie,<br><br>Plaintiff,<br><br>vs.<br><br>Congressman John Boehner, et al.,<br><br>Defendant. | No.  CV 14-0127-PHX-RCB (DKD)<br><br>**O R D E R** |

Plaintiff Anthony Bussie, who is confined in the Federal Detention Center in Philadelphia, Pennsylvania has filed a *pro se* civil rights Complaint (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  Plaintiff filed a "Motion to default by judgement [sic] to recover a sum certain under 20[illegible] 901(c)" (Doc. 3) and a "Motion" (Doc. 4).  Plaintiff has at least "three strikes" under 28 U.S.C. § 1915(g), and did not allege an imminent danger of serious physical injury.  For that reason, on May 28, 2014, the Court denied the *in forma pauperis* application, denied his motions, and dismissed the action.

On August 19, 2013, Plaintiff filed a "Motion: Reopen and Reconsideration" (Doc. 8).  Plaintiff fails to allege or demonstrate any basis for reopening this action pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

**I.    Motion: Reopen and Reconsideration**

The Court will construe Plaintiff's "Motion: Reopen and Reconsideration" as a motion filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil

Procedure. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as Rule 60 or Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rule of Civil Procedure). It is within the Court's discretion to grant or deny a motion for reconsideration filed under Rule 59(e) or Rule 60(b). *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Reconsideration is appropriate under Rule 59(e) "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263. "Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief.'" *Id.* (quoting *Fuller*, 950 F.2d at 1442). *See also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Id.* (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court has reviewed Plaintiff's motion. The Court finds no basis to reconsider

its decision.  Thus, the Court will deny Plaintiff's Motion for Reconsideration.

**IT IS ORDERED**:

    (1)    Plaintiff's "Motion: Reopen and Reconsideration" (Doc. 8) is **denied**.

    (2)    The present case will remain **closed**.

DATED  this 21st day of November, 2014.

_____
Stephen M. McNamee
Senior United States District Judge